United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANA ANDRADE,

Plaintiff,

v.

ALTO USA LLC,

Defendant.

Case No. 26-cv-04229-TSH

**ORDER TO SHOW CAUSE RE:
SUBJECT MATTER JURISDICTION**

On March 30, 2026, Plaintiff Ana Andrade filed suit against Defendant Alto USA LLC ("Alto") in San Francisco County Superior Court (Case No. CGC-26-635395), alleging claims for: (1) Discrimination; (2) Failure to Engage in Interactive Process; (3) Failure to Accommodate; (4)/(5) Retaliation; (6) Harassment; (7) Failure to Prevent Discrimination, Harassment, and Retaliation; and (8) Wrongful Termination.  Not. of Removal, Ex. 1 ("Compl") (ECF No. 1 at 9). On May 7, 2026, Alto removed the case to this Court, asserting that the Court has jurisdiction over Andrade's claims based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Not. of Removal at 4–5 (ECF No. 1).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up).  As such, they "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction."  *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *see Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"); *Leeson v.*

*Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) ("Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists.") (cleaned up).

There are two bases for federal subject matter jurisdiction:  (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."  *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989).  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States," or "citizens of a State and citizens or subjects of a foreign state . . . ."  28 U.S.C. § 1332(a)(1)–(2).

Here, there is no federal question jurisdiction because Andrade's claims all arise under state law.  *See* Compl. at 1.  In the Notice of Removal, Alto avers that the Court has diversity jurisdiction under 28 U.S.C. § 1332.  Not. of Removal at 4–5.  Alto alleges that it "is a Limited Liability Company duly formed under the laws of the state of Delaware, with its headquarters and principal place of business in the state of Florida."  *Id.*  Alto further alleges that complete diversity exists because Andrade "is a citizen of California and [Alto] is a citizen of Florida."  *Id.*  As the party asserting diversity jurisdiction, Alto bears the burden of proving that diversity jurisdiction exists.  *See Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961) ("[T]he burden of proving federal jurisdiction is upon the party asserting it[.]") (citation omitted).  "Generally, LLC's are citizens of every state in which their owners/members are citizens."  *Prairie Fire, LLC v. Van Vraken Enters., Inc.*, No. 13-cv-2772-JSC, 2013 WL 12149698, at *1 (N.D. Cal. Sept. 26, 2013) (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)) (cleaned up).  Thus, Alto's citizenship depends on the citizenship of its members and owners.  However, Alto has failed to include any allegations as to the citizenship of its members and owners.

Accordingly, Alto is **ORDERED TO SHOW CAUSE** as to the citizenship of any members or owners of Alto USA LLC.  Alto shall file a written response to this Order by May 21,

United States District Court
Northern District of California

2

2026.  Failure to do so will result in a remand of this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: May 12, 2026

THOMAS S. HIXSON
United States Magistrate Judge

3