UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANA ANDRADE,

        Plaintiff,

  v.

ALTO USA LLC,

        Defendant.

Case No. 26-cv-04229-TSH

**ORDER DISCHARGING SHOW CAUSE ORDER, INVITNG DEFENDANT TO FILE AMENDED NOTICE OF REMOVAL**

On March 30, 2026, Plaintiff Ana Andrade filed suit against Defendant Alto USA LLC ("Alto") in San Francisco County Superior Court. Not. of Removal, Ex. 1 ("Compl.") (ECF No. 1 at 9). On May 7, 2026, Alto removed the case to this Court, asserting that the Court has jurisdiction over Andrade's claims based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Not. of Removal at 4–5 (ECF No. 1). In its Notice of Removal, Alto alleges that it "is a Limited Liability Company duly formed under the laws of the state of Delaware, with its headquarters and principal place of business in the state of Florida." *Id.* Because Alto failed to include any allegations as to the citizenship of its members and owners, the Court issued an Order to Show Cause on May 12, 2026, ordering Alto to provide information regarding the citizenship of any members or owners of Alto. ECF No. 4.

On May 21, 2026, Alto responded to the OSC, and on May 28, 2026, Alto filed a supplemental response to the OSC. ECF Nos. 8, 12, 13. Having reviewed Alto's responses, the Court is satisfied that it possesses jurisdiction over this matter based on diversity of citizenship. Accordingly, the Court **DISCHARGES** the show cause order.

However, the Ninth Circuit has held "that a district court may not establish diversity of citizenship purely by judicial notice." *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1174

United States District Court
Northern District of California

(9th Cir. 2025).  The court reiterated that the party invoking federal subject matter jurisdiction "*always* bears the burden of *both pleading and proving* diversity jurisdiction."  *Id.* at 1175 (emphasis in original) (citation omitted).  And the court explained that federal courts "have the authority to grant leave to amend a complaint in order to cure defective allegations of jurisdiction."  *Id.* at 1177 (cleaned up); *see* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Here, because Alto does not allege the citizenship of Alto's owners in the Notice of Removal, Alto does not allege facts in the Notice of Removal establishing that complete diversity exists between the parties.  *See generally* Not. of Removal.  While Alto included information about the citizenship of Alto's owners in its responses to the Court's OSC, the Court cannot take judicial notice of those filings for the purpose of establishing that complete diversity exists. *Rosenwald*, 152 F.4th at 1174.  Therefore, as in *Rosenwald*, the Court invites Alto to amend its jurisdictional allegations because inviting amendment does not prejudice either party and doing so would not be futile.  *Id.* at 1177; *see also Emeryville Redevelopment Agency v. Clear Channel Outdoor*, No. C-06-01279-WHA, 2006 WL 1390561, at *3 (N.D. Cal. May 22, 2006) (explaining district court has discretion to grant leave to amend a notice of removal to allow parties to clarify defective allegations).

Accordingly, Alto may file an amended notice of removal by June 5, 2026, to cure its defective allegations of jurisdiction.  Alto shall only amend its allegations of jurisdiction; the Court does not grant Alto leave to amend any other allegations in the Notice of Removal.

**IT IS SO ORDERED.**

Dated: May 29, 2026

THOMAS S. HIXSON
United States Magistrate Judge

2